UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LARRY CHARLES INMAN,                  **INDICTMENT**

    Defendant.
_____/

The Grand Jury charges:

## General Allegations

At all times material to this Indictment:

1. The Defendant, LARRY CHARLES INMAN, was an elected representative in the Michigan House of Representatives representing the 104th District in the State of Michigan. The Defendant maintained a legislative office in Ingham County, Michigan.

2. The Defendant's political candidate committee, Larry Inman for State Representative, was formed in August 2013 and was an active candidate committee registered with the Michigan Secretary of State. The committee's registered address with the State of Michigan was in Williamsburg, Michigan, and its Treasurer and registered bank account were located in Traverse City, Michigan.

3. The Michigan Constitution provides a mechanism for registered voters in the state to enact or repeal laws by ballot initiative. In 2017, a petition for the initiation of legislation to repeal Michigan's Public Act 166 of 1965, popularly known

as Michigan's "prevailing wage" law, was circulated. The prevailing wage law regulated the terms and conditions of pay and benefits for workers on state construction projects.

4. The Michigan Regional Council of Carpenters and Millwrights ("MRCCM") was a labor union headquartered in Warren, Michigan, that represented the interests of various carpenters across the state. Between October 2017 and May 16, 2018, MRCCM's political action committee made political contributions to the Defendant's candidate committee totaling $6,000.

5. On or about June 1, 2018, the Michigan Board of State Canvassers certified the prevailing wage initiative petition and delivered it to the Michigan legislature. If the Michigan legislature did not adopt the initiative, the proposal would appear on the ballot in the November 6, 2018, statewide general election.

6. On or about June 3, 2018, the Defendant sent a text message to Person A, a representative of MRCCM, which stated:

> "Hi [Person A], I hear the prevailing wage vote may be on Wenesday. In my opinion, We all need some more help! Carpenters have been good to me, where are the rest of the trades on checks? We only have 12, people to block it. You said all 12 will get $30,000 each to help there campaigns. That did not happen, we will get a ton of pressure on this vote. [Person B and Person C] will go to the longest neck hold on this one. I have heard most got $5,000, not $30,000. Its not worth losing assignments and staff for $5,000, in the end. They will give you the check back. I am not sure you can hold 12 people for the only help of $5,000. My suggestion is you need to get people maxed out , on Tuesday, I will do my best to hold. [Person C] will pull assignments for next term on this vote. You have no idea the pressure on this one for [Person B's state] race , to pull this off for the tea party. People will not go down for $5,000, not that we dont appreciate it. Please get with the all the trades by Monday, I would suggest maxing out on all

12, or at least doubling what you have given them on Tuesday, asap, we never had this discussion, Larry"

7. On or about June 3, 2018, the Defendant sent a text message to Person D, a lobbyist in Lansing, Michigan, who was retained by MRCCM to assist it with preserving the prevailing wage law, which stated:

> We all need some more help! Carpenters have been good to me, where are the rest of the trades on checks? We only have 12, people to block it. [Person A] said all 12 will get $30,000 each to help there campaigns That did not happen, we will get a ton of pressure on thst vote, [Person B and Person C] will go to the longest neck hold on this one. I have heard most got $5,000, not $30,000. Its not worth losing assignments and staff for $5,000, in the end. They will give you the check back. I am not sure you can hold 12 people for the only help of $5,000. My suggestion is you need to get people maxed out , on Tuesday, I will do my best to hold. [Person C] will pull assignments for next term on this vote. You have no idea the pressure on this one for [Person B's state] race , to pull this off. People will not go down for $5,000, not that we dont appreciate it. Get with the all the trades by Monday , I would suggest doubling what you given on Tuesday, asap, we never had this discussion, get with [Person A]. L"

8. On or about June 4, 2018, the Defendant sent a text message to Person A, the MRCCM representative:

> "I will text you tomorrow to make sure we have a solid 12 no votes to block prevailing wage , Larry"

9. On or about June 5, 2018, the Defendant sent a text message to Person A, the MRCCM representative, which stated:

> "Hi [Person A], how are you! I have Breakfast event on Wed morning at Karobe , Governors room , 7:30am to 9am , hope you can make it :) and see if there are checks you can get ,thanks ! Larry Inman"

10. MRCCM provided no additional campaign contributions to the Defendant's candidate committee after receiving Defendant's text message on June 3, 2018.

11. On or about June 6, 2018, the Michigan House of Representatives voted on the 2018 legislative initiative petition to repeal the state's prevailing wage law. The House voted 56 to 53 to repeal the law. The Defendant cast a "Yes" vote, which was a vote to repeal the law. The Michigan Senate also voted to repeal the law, and Michigan's "prevailing wage" law was repealed.

## COUNT 1
### (Attempted Extortion Under Color of Official Right)

12.     Paragraphs 1 through 11 of the General Allegations are re-alleged and incorporated as though fully set forth herein.

13.     At all times relevant to this indictment, the operations of the MRCCM affected interstate commerce.

14.     Between on or about June 3, 2018, and June 5, 2018, in the Southern Division of the Western District of Michigan,

LARRY CHARLES INMAN,

an elected Representative in the State of Michigan House of Representatives, attempted to obstruct, delay, and affect commerce by unlawfully seeking to obtain property from the MRCCM, with its consent, under color of official right.

15.     Specifically, the Defendant unlawfully solicited from the MRCCM a political campaign contribution of money in exchange for the official act of voting "No" on the 2018 legislative initiative petition to repeal Michigan's prevailing wage law in the Michigan House of Representatives.

**18 U.S.C. § 1951**

## COUNT 2
### (Solicitation of a Bribe)

16. Paragraphs 1 through 11 of the General Allegations are re-alleged and incorporated as though fully set forth herein.

17. Between on or about June 3, 2018, and June 5, 2018, in the Southern Division of the Western District of Michigan,

LARRY CHARLES INMAN,

being an agent of a State government that received benefits in excess of $10,000 under a Federal program involving a grant or other form of Federal assistance during the year 2018, that is, an elected Representative in the State of Michigan House of Representatives, did corruptly solicit and demand a thing of value, namely, a political campaign contribution of money from the MRCCM, intending to be influenced and rewarded in connection with a business and transaction of the State of Michigan involving a thing of value of $5,000 or more, namely, his vote in the Michigan House of Representatives on the 2018 legislative initiative petition to repeal Michigan's prevailing wage law.

**18 U.S.C. § 666(a)(1)(B)**

## COUNT 3
**(False Statement to the FBI)**

18. Paragraphs 1 through 11 of the General Allegations are re-alleged and incorporated as though fully set forth herein.

19. On or about August 1, 2018, in the Southern Division of the Western District of Michigan,

## LARRY CHARLES INMAN

did knowingly and willfully make a materially false, fictitious, and fraudulent statement in a matter within the jurisdiction of the executive branch of the Government of the United States of America, as follows:

When a special agent of the Federal Bureau of Investigation asked the Defendant if he had communicated with Person A or the MRCCM for the purpose of soliciting campaign contributions before casting his vote on the June 2018 legislative initiative petition to repeal Michigan's prevailing wage law in the Michigan House of Representatives, the Defendant denied having any such communications and specifically denied soliciting $30,000 from Person A.

**18 U.S.C. § 1001(a)(2)**

A TRUE BILL

_____
GRAND JURY FOREPERSON

ANDREW BYERLY BIRGE
United States Attorney

_____
CHRISTOPHER M. O'CONNOR
Assistant United States Attorney