UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LARRY CHARLES INMAN,

    Defendant.

_____/

CASE No. 1:19-CR-117

HON. ROBERT J. JONKER

## ORDER

On May 14, 2019 a grand jury charged Defendant Inman with Attempted Extortion under Color of Official Right (Count 1); Solicitation of a Bribe (Count 2); and False Statement to the FBI (Count 3). (ECF No. 1). A jury trial is currently scheduled for August 6, 2019.

In advance of the upcoming final pretrial conference, Defendant Inman has moved to dismiss the Indictment against him, as well as for the production of a Bill of Particulars and a transcript of grand jury proceedings. (ECF No. 13). Separately, Defendant Inman has filed a "Notice of Intent to Present Evidence of Defendant's Diminished Cognitive Ability as a Result of the Use of Prescription Pain Medication," docketed as a "Notice *re: Diminished Capacity Defense*." (ECF No. 16). The Court will consider the motion to dismiss, and make a determination regarding whether to schedule any hearing on the matter, after receiving the government's response. In addition, the Court is ordering the parties to submit supplemental briefs on the matters described below.

1. *Diminished Capacity*

The defense does not indicate which rule of criminal procedure it is relying on in its Notice of Diminished Capacity; however the Court anticipates the defense is most likely not making an insanity defense under Rule 12.2(a) and instead intends to proceed under Rule 12.2(b). This "diminished capacity" defense, applies "where the defendant claims only that his mental condition is such that he or she cannot attain the culpable state of mind required by the definition of the crime." *United States v. Kimes*, 246 F.3d 800, 806 (6th Cir. 2001) (internal citation and quotation marks omitted). While courts "permit the introduction of evidence of diminished capacity for the purpose of negating the *mens rea* element of certain crimes . . . [the Sixth Circuit has] adhered to the view that 'diminished capacity may be used only to negate the mens rea of a *specific intent* crime.'" *Id.* (quoting *United States v. Gonyea*, 140 F.3d 649, 650 (6th Cir. 1998)) (emphasis in original). Accordingly, for any general intent crimes, Defendant's mental state is only relevant if the Defendant proposes an insanity defense. And under Rule 12.2(a), upon notice of such an offense, the Court must order an examination under 18 U.S.C. § 4242. *See* FED. R. CRIM. P. 12.2(c)(1)(B).

The Court directs the parties to brief whether the three charges in the indictment each constitute specific intent or general intent crimes. The defense should also indicate in its brief whether its notice is brought under FED. R. CRIM. P. 12.2(a) or (b), or some other rule. In addition to any other matters on this topic the parties may wish to discuss, the Court also directs the parties to indicate whether the Court should order a competency examination as well as to provide an overview of the anticipated proofs or objections on the defense, and to explain how they presently view the defense fitting into any trial, including the burden of proof required and the legal standards for admitting any expert testimony.

*2. Federalism Issues*

The United States Constitution establishes a system of dual sovereignty under which we all live.  It is fundamental civics that the federal government is given limited powers by the states, with all other powers resting in the hands of the states.  This case, one in which a federal court is called upon to examine the actions of an elected state representative, raises at least some questions about federalism and separations of powers.  To be sure, in the context of campaign contributions, the Supreme Court has held that "the receipt of political contributions violates the Hobbs Act 'only if the payments are made in return for an explicit promise or undertaking by the official to perform or not to perform an official act.'"   *United States v. Abbey*, 560 F.3d 513, 516 (6th Cir. 2009) (quoting *McCormick v. United States*, 500 U.S. 257, 273 (1991)).  But courts must be careful in how they construe the statute so as to avoid concerns about federalism.  *See McDonnell v. United States*, 136 S. Ct. 2355, 2373 (2016) (noting that a broad view of "official act" would raise "significant federalism concerns," and declining to "'construe the statute in a manner that leaves its outer boundaries ambiguous and involves the Federal Government in setting standards'" of "'good government for local and state officials'") (quoting *McNally v. United States*, 483 U.S. 350, 360 (1987)).

The Court asks the parties to detail how their respective theories of the case touch on the above issues relating to separation of powers and federalism.

## CONCLUSION

**ACCORDINGLY, IT IS ORDERED** that in addition to any further briefs (as permitted by rule) on the pending motion to dismiss, the parties shall each submit supplemental briefs on the questions the Court has described above.  Briefs are due no later than **fourteen (14) days** from the date of this Order.


Dated:  June 24, 2019                             /s/ Robert J. Jonker
                                                                  ROBERT J. JONKER
                                                                  CHIEF UNITED STATES DISTRICT JUDGE