UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs                                              Case No. 1:19-cr-117
                                              Hon. Robert J. Jonker
LARRY CHARLES INMAN,         Hon. Phillip J. Green

    Defendant.
_____/

| | |
|---|---|
| Christopher M. O'Connor (P71846) | Christopher K. Cooke (P35034) |
| Assistant United States Attorney | NEUMANN LAW GROUP |
| 330 Ionia Ave NW | Attorney for the Defendant |
| Grand Rapids, MI 49503-2504 | 300 East Front Street, Suite 445 |
| (616) 456-2404 | Traverse City, MI 49684 |
| Christopher.oconnor@usdoj.gov | (231) 221-0050 |
| | chris@neumannlawgroup.com |
| Ronald M. Stella (P45316) | |
| Assistant United States Attorney | |
| 330 Ionia Ave NW | |
| Grand Rapids, MI 49503-2504 | |
| (616) 456-2404 | |
| Ron.stella@usdoj.gov | |

_____/

**RESPONSE RE: GOVERNMENT'S MOTION IN LIMINE TO ADMIT
TEXT MESSAGES BETWEEN DEFENDANT AND THE IBEW**

    Now comes Defendant Larry Charles Inman by and through his attorneys of record, NEUMANN LAW GROUP, and in response to the Government's Motion in Limine to Admit Text Messages between Defendant and IBEW states as follows:

    In addition to the other objections the defendant has raised with the foundation and summarization of these text messages (including that the defendant sent them and that they were received) this text discussion with Dave Fashbaugh clearly was protected speech

associated with legitimate campaign fundraising.  The last text message in the sequence is telling.  Dave Fashbaugh replies that he can help with people, not money:

> "I know mostly we can provide is boots on the ground, a lot of my membership votes Republican.  I know if you support us, we will support you…" (#8 text, Govt proposed exhibit #11)

The purported reply by the defendant is :

> "Good to know!  Especially in the General, all the Dems have to vote for me as Rep as Republican." (#10, propose Govt exhibit #11).

There is no discussion of a "quid pro quo" here, ie: the defendant will vote a certain way for a specific amount of campaign money.   The message clearly supports a concern that his upcoming vote on Prevailing Wage will spur substantial opposition to him in the General Election.  Trying to fend off the opposition takes campaign money or as Mr. Fashbaugh put it "boots on the ground".  The defendant expresses his satisfaction with this answer.  The Government would like to argue that any request for campaign financing that is discussed at the same time with an upcoming high profile vote is a violation of the law.  This flies directly in the face of the Supreme Court's admonition in *McCormick v. U.S., 500 U.S. 257 (1991).*

The Court held that to find that legislators:

> "commit the federal crime of extortion when they act for the benefit of constituents or support legislation furthering the interests of some of their constituents, shortly before or after campaign contributions are solicited and received from those beneficiaries, is an unrealistic assessment of what Congress could have meant by making it a crime to take property from another, with his consent, "under color of

official right". To hold otherwise would open to prosecution not only conduct that has long been thought to be well within the law but also conduct that in a very real sense is unavoidable so long as election campaigns are financed by private contributions or expenditures, *as they have been from the beginning of the Nation."*

Allowing the Government to introduce uncharged alleged "bad acts" that are nothing more than legitimate fundraising efforts or, as a minimum, are not specific "quid pro quo" discussions, will substantially prejudice the jury. The defendant is charged with attempting to extort the MMRCMA and no other entity. Given the Court's previous holding that a "carefully tailored" jury instruction should cure the First Amendment concerns previously extensively briefed and argued, the evidence allowed before the jury should be similarly narrowly tailored. Please see previous arguments addressed in Defendant's various motions to dismiss and Defendant's Trial Brief filed contemporaneously.

In addition, the introduction of "Other Acts" evidence is closely scrutinized due to its potential to create prejudicial error.

> This court has set forth a three-step process for determining the admissibility of evidence of other acts under Rule 404(b).   **United States v. Gessa**, 971 F.2d 1257, 1261-62 (6th Cir. 1992) (en banc). The first step requires the district court to decide whether there is sufficient evidence that the other act in question actually occurred. **Id.** at 1261. If so, the district court must decide whether the evidence of the other act is "'probative of a material issue other than character.'" **United States v. Johnson**, 27 F.3d 1186, 1191 (6th Cir. 1994) (quoting **Huddleston v. United States**, 485 U.S. 681, 686, 99 L. Ed. 2d 771, 108 S. Ct. 1496 (1988)).  Finally, if the evidence is probative of a material issue other than character,  the district court must decide whether the "probative value of the evidence is substantially outweighed by its potential prejudicial effect." **Johnson**, 27 F.3d at 1190.  *United States v. Haywood, 280 F.3d 715 (2002)*

In *Haywood,* the Sixth Circuit Court of Appeals reversed the conviction of the defendant when the lower court allowed the introduction of evidence that the defendant was found in possession of crack cocaine on a subsequent date in an effort to prove that he intended to distribute the cocaine he had in his possession at the time of the underlying arrest.

The defendant also raises the same concerns expressed with introducing this style of summary chart which extracts only partial information from the Extraction Report.  For the text message to be a "quid" for a "pro quo" it would have to be read by the recipient.  Further, it is the position of the defendant that the message must be read prior to the vote being taken on the house floor.  Since the "quid" must have a direct relation to the "pro quo" if it is received after the vote is taken, it cannot be logically connected to the official action.

Finally, the defendant objects to general text messages that address issues of requests for legal campaign contributions or that generally discuss fund raising, ie: invitations to fund raising events where a request is made to "bring a check" or "bring checks".  Fundraising is a necessary and legal part of our political process.  To allow any test message into evidence that does not request a specific campaign contribution for a specific official act, ie: a specific vote, would infringe on the defendants First Amendment rights to cast his vote as he chooses (Please see defendant's Trial Brief filed contemporaneously with this response.

November 10, 2019

                                         Respectfully,

                                         Christopher K. Cooke  (P35034)
                                         NEUMANN LAW GROUP