UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs

LARRY CHARLES INMAN,

    Defendant.

Case No. 1:19-cr-117
Hon. Robert J. Jonker
Hon. Phillip J. Green

_____/

| | |
|---|---|
| Christopher M. O'Connor (P71846)<br>Assistant United States Attorney<br>330 Ionia Ave NW<br>Grand Rapids, MI 49503-2504<br>(616) 456-2404<br>*Christopher.oconnor@usdoj.gov* | Christopher K. Cooke (P35034)<br>NEUMANN LAW GROUP<br>Attorney for the Defendant<br>300 East Front Street, Suite 445<br>Traverse City, MI 49684<br>(231) 221-0050<br>*chris@neumannlawgroup.com* |
| Ronald M. Stella (P45316)<br>Assistant United States Attorney<br>330 Ionia Ave NW<br>Grand Rapids, MI 49503-2504<br>(616) 456-2404<br>*Ron.stella@usdoj.gov* | |

_____/

### SECOND SUPPLEMEMNTAL DISCLOSURE RE :NOTICE OF INTENT TO PRESENT EVIDENCE OF DEFENDANT'S DIMINISHED COGNITIVE ABILITY AS A RESULT OF THE USE OF PRESCRIPTION PAIN MEDICATION PURSUANT TO R 12.2(b)

Now comes the Defendant, Larry Charles Inman, by and through his attorneys of record, NEUMANN LAW GROUP, and, pursuant to the Court's Standing Order Regarding Discovery in Criminal Cases, hereby, provides a second supplemental disclosure regarding Defendant's intention to present expert testimony and related evidence of diminished cognitive ability bearing

on the issue of whether or not defendant had the requisite mental state required for the charged offenses.

Dr. Bruce Baker has reviewed additional documentation that confirms his original diagnosis that the Defendant was suffering from a severe opiate use disorder before, during and after the vote of June 6, 2018.

Dr. Baker will testify consistent with the following:

I have reviewed records from Dr. Dan Lathrop which include a cover letter dated June 3, 2019 which indicated that Dr. Lathrop treated the defendant's pain complaints with opioid pain medications until May of 2018. I also reviewed a series of prescriptions for the opioid pain medication Norco which show regular prescriptions for the drug during the time period 1-22-2015 through 3-7-17 (Exhibit F to Defendant's Response in Opposition to the Government's Motion in Limine to Exclude Defendant's Expert Witness Re: Diminished Capacity Defense, "the Motion").

I have also reviewed a treatment record from Dr. VanHouzen dated February 2, 2018 which recounts defendant's surgeries and regular use of Norco to control pain while under the care of Dr. Lathrop. Dr. VanHouzen continued this pain management protocol by prescribing additional Norco of a different strength hoping to "wean" the defendant back to a lower daily dosage of Norco. (Exhibit G of the Motion).

I reviewed a series of text messages from the Defendant, purportedly extracted from his cell phone by the government, which include messages before and after June 2018. These text messages clearly show the Defendant continuously complaining of pain in his back that radiates down his legs. Apparently, he was walking door to door campaigning during this time period which reportedly aggravated his pain to a level where he stated the pain medications were having

no effect and he was "doubling up" on his dosage.  Particularly on June 9th of 2018 the defendant is stating that he is "eating pain pills like a bag of M&Ms" and that "the pain pills are not cutting it anymore" .  Finally, the defendant claims to be mixing alcohol with pain pills in July of 2018 and refers to himself as "007" "falling off tall buildings".  (Exhibit H to the Motion).

I also reviewed the diagnosis made by Dr. DeSilva of Hope Network where he admits to hording Norco and taking them in large doses from what he has stored. Further, he admitted to hiding this information from his physicians and not being able to cut down.  He reports this had been occurring for the last 18 months to two years.  (Exhibit E to the Motion).

These medical records and real time complaints of pain and the ineffectiveness of the pain medications more strongly support my original diagnosis that before, during and after June of 2018 the defendant was suffering from a severe opioid use disorder that compromised his cognitive abilities to the point that he would say and do things that he otherwise would not do and may not even remember.  I would note too, as I did earlier, that he was mixing these with other sedatives, muscle relaxants and alcohol that would amplify the effects of the Norco.  Further, he was also taking testosterone which would make him more aggressive.

This supplements my testimony in this area and I am prepared to answer additional questions concerning the effect this medication would have on the defendant's conduct and general cognitive abilities consistent with my initial assessment and previous disclosures.
November 12, 2019

            Respectfully,

            */s/ Christopher K. Cooke*
            Christopher K. Cooke  (P35034)
            Neumann Law Group, PLLC