UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LARRY CHARLES INMAN,

    Defendant.
_____/

No. 1:19-CR-117-RJJ

Hon. Robert J. Jonker
United States District Judge

**GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE
EVIDENCE OF PRIOR JURY VERDICT AND DEADLOCK**

The United States of America respectfully moves this Court for an Order excluding evidence and argument that a prior jury acquitted Defendant Larry Inman of count 3 (false statement to the FBI) and could not reach a verdict on counts 1 and 2.

<u>RELEVANT HISTORY</u>

Inman was indicted by a grand jury on charges of attempted extortion under color of official right (18 U.S.C. § 1951), solicitation of a bribe (18 U.S.C. § 666), and false statements to the FBI (18 U.S.C. § 1001). (R.1: PageID.1-7)  The indictment alleged that Inman unlawfully solicited a political campaign contribution from a labor union in exchange for an official act – his vote on a petition to repeal Michigan's prevailing wage law.  In December 2019, a trial jury could not reach a verdict on the corruption charges and found Inman not guilty of the false statement charge.  This Court dismissed counts 1 and 2, concluding that collateral estoppel

1

barred retrial on those counts. (R.126, PageID.1649-80) The Sixth Circuit Court of Appeals disagreed and reversed and remanded. *See United States v. Larry Inman*, 39 F.4th 357 (6th Cir. 2002). Retrial is scheduled for April 25, 2023.

## LAW AND ARGUMENT

Evidence is relevant if it has any tendency to make a fact more or less probable, and that fact is of consequence in determining the action. Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403.

> *A. The Jury's Acquittal on Count 3 is Irrelevant, Inadmissible Hearsay, and Unfairly Prejudicial, Confusing, and Misleading.*

A prior criminal acquittal is "irrelevant because it does not establish the defendant's innocence." *Dunlap v. Fields*, No. 98-6662, 2000 WL 875719, *2 (6th Cir. June 20, 2000) (citing *McKinney v. Galvin*, 701 F.2d 584, 586 n.5 (6th Cir. 1983) and *United States v. Kerley*, 643 F.2d 299, 301 (5th Cir. 1981)). Evidence of a prior criminal acquittal is also inadmissible at trial because it is hearsay. *See McKinney*, 701 F.2d at 586 n.5. *See also United States v. De La Rosa*, 171 F.3d 215, 219-220 (5th Cir. 1999) ("Other circuits overwhelmingly agree that, for all the reasons enumerated, evidence of prior acquittals are generally inadmissible. There are seven sister circuits that have, in varying contexts, endorsed this view—the First, Second, Seventh, Eighth, Tenth, Eleventh, and DC Circuits. We are aware of no contrary authority.").

In *Kerley*, the Fifth Circuit held that, "[a]lthough a judgment of acquittal is relevant with respect to the issues of double jeopardy and collateral estoppel, once it is determined that these pleas in bar have been rejected, a judgment of acquittal is not usually admissible to rebut inferences that may be drawn from the evidence that was admitted." *Id.* (quotation and citation omitted). The *Kerley* defendant, a sheriff's officer, challenged the trial court's refusal to admit evidence of his state court acquittal on a battery charge arising from the same incident that led to a federal charge of willful deprivation of constitutional rights by a person acting under color of law. *Id.* at 300. The court affirmed exclusion of the acquittal because the elements of the battery charge were entirely different from the federal charges and therefore the acquittal was irrelevant. *Id.* at 301. The Fifth Circuit also observed that, even if the defendant's prior acquittal somehow was relevant, it was properly excluded under Rule 403.

The Sixth Circuit, on direct appeal in this case, held that the jury's acquittal on count 3 did not bar retrial on counts 1 and 2 "[b]ecause the jury's acquittal on the false-statement charge did not decide any fact that necessarily precludes a verdict against Inman on the extortion and bribery-solicitation charges." *Inman*, 39 F.4th at 359. The appellate court first determined that the elements for counts 1 and 2 are distinct from the elements of the acquitted count in part because it "does not possess an arrangement element." *Id.* at 365. In other words, the jury was not required to determine whether Inman's text messages demonstrated a quid pro quo arrangement to acquit him of lying to the FBI. The court concluded that the

3

acquittal on count 3 did not have a preclusive effect because "a rational jury could believe that Inman merely could not recall, or forgot about, this text message to Canada in June 2018 or the earlier text to Kirsch, and for this reason voted to acquit Inman on the charge of lying to the FBI about these communications." *Id.* at 366. The court continued: "A rational jury could believe that Inman had simply forgotten, because of his deteriorated mental state, about extorting and soliciting bribes from the MRCCM but still committed those offenses." *Id.*

For the same reasons the acquittal did not necessarily decide any fact for double jeopardy purposes, the jury's acquittal on count 3 has no probative value at retrial. Fed. R. Evid. 401. The acquittal does not make any fact of consequence more or less probable than it would be without the evidence. The elements of count 3 are entirely different than the elements of counts 1 and 2. As the appellate court found, "telling the truth to the FBI is not an element the United States needs to prove on the public-corruption charges. A rational jury could decide that Inman both attempted to solicit and bribe and extorted the [union], regardless of the acquittal on the false statement charge . . . ." *Inman*, 39 F.4th at 366. Alternatively, the first jury could have decided that the government failed to meet its burden on any one of the three elements constituting a violation of 18 U.S.C. §1001, none of which are "the ultimate facts of [the extortion and bribery] crimes." *Id.* at 367.

Even if Inman could articulate a theory of relevance, the jury's acquittal is an out of court statement offered to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c); *McKinney*, 701 F.2d at 586 n.5. To admit the

acquittal, Inman would require an exception to the rule against hearsay. Fed. R. Evid. 802. None exists.

Finally, the acquittal should be excluded because any probative value the acquittal may have is low and substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. Fed. R. Evid. 403. The jury will be confused as to the relevance or reach of the acquittal and misled into believing that the first jury necessarily found that Inman did not solicit campaign contributions in exchange for his vote on prevailing wage. Confusing or misleading the jury into thinking that the acquittal tends to establish Inman's innocence on the remaining counts is unfairly prejudicial. *See Dunlap*, No. 98-6662, 2000 WL 875719, \*2. As the Supreme Court has recognized, an acquittal might even be "based upon an egregiously erroneous foundation." *Fong Foo v. United States*, 369 U.S. 141, 143 (1962).

Accordingly, this Court should prohibit Inman from: (1) introducing evidence that a prior jury acquitted him of lying to the FBI during his August 1, 2018, interview, or (2) arguing that the acquittal is relevant to any issue in the retrial, including its decision of Inman's guilt or innocence on counts 1 and 2.

> B. *The Jury's Inability to Reach a Verdict on Counts 1 and 2 is Inadmissible Hearsay, Irrelevant, Unfairly Prejudicial, Confusing, and Misleading.*

The jury's inability to reach a verdict on counts 1 and 2 are inadmissible at retrial because the jury decided nothing as to those counts.

"[A] hung count hardly 'make[s] the existence of any fact ... more probable or less probable.'" *Yeager v. United States*, 557 U.S. 110, 121 (2009) (quoting Fed. R.

5

Evid. 401). Moreover, "[a] hung count is not a 'relevant' part of the 'record of [the] prior proceeding." *Id.* A jury only speaks through its verdict and "its failure to reach a verdict cannot—by negative implication—yield a piece of information that helps put together the trial puzzle." *Id.* "When a jury hangs, there is *no* decision," and therefore there is no way to determine from those counts whether a jury necessarily decided any issue in the trial. *See Bravo-Fernandez v. United States*, 580 U.S. 5, 23 (2016) (citation omitted).

Jurors deliberate in secret and there is no record evidence why the jury deadlocked on counts 1 and 2. As the Supreme Court has found, "[t]o ascribe meaning to a hung count would presume an ability to identify which factor was at play in the jury room. But that is not reasoned analysis, it is guesswork." *Id.* at 121-22. "A host of reasons—sharp disagreement, confusion about the issues, exhaustion after a long trial, to name but a few—could work alone or in tandem to cause a jury to hang." *Yeager*, 557 U.S. at 121. Guesswork is not relevant, probative evidence of guilt or innocence, nor of any fact of consequence the jury must find to render a verdict at the retrial.

Inman has not identified for the government how the fact that a prior jury hung on counts 1 and 2 is relevant to any fact of consequence or has a tendency to make that fact more or less probable. Presumably, Inman would like the jury to infer that a prior deadlock is evidence of reasonable doubt, but such an inference is incorrect, improper, and misleading. *See Yeager*, 557 U.S. at 121; Fed. R. Evid. 403.

6

Accordingly, this Court should prohibit Inman from introducing evidence that a prior jury could not decide whether he attempted to extort or solicit a bribe from the carpenters' union or arguing that a prior jury's inability to decide those charges is relevant to any issue in the retrial, including Inman's guilt or innocence on counts 1 and 2.

### C.  An Exclusion Order Would Not Prevent the Parties from Referencing Prior Testimony.

The Order requested by the government would not cause prejudice to either party or prevent the parties from conducting cross-examination or refreshing the recollection of witnesses at the retrial.  The parties can refer to a witness's prior testimony in a manner that does not improperly inject inadmissible evidence or argument into the retrial.  For example, the parties can form questions that do not call unnecessary attention to the first trial or the results:  "Isn't it true that you previously testified under oath in this case that …"  or, "If I show you a transcript of your prior testimony under oath in this case, would that help refresh your recollection?"  The "not guilty" finding on count 3 and that jury's failure to reach a decision on counts 1 and 2 are irrelevant to the parties' ability to present admissible and relevant evidence at retrial in a manner that does not run afoul of the Rules of Evidence or the rights of either party to enjoy a fair trial.

WHEREFORE, for the foregoing reasons, the government respectfully requests that this Court enter an Order excluding all evidence and argument at retrial that a prior jury acquitted Inman of lying to the FBI or was unable to decide his guilt or innocence on counts 1 and 2.

                                                Respectfully submitted,

                                                MARK A. TOTTEN
                                                United States Attorney

Dated: February 13, 2023             /s/ *Christopher M. O'Connor*
                                                CHRISTOPHER M. O'CONNOR
                                                STEPHEN P. BAKER
                                                Assistant United States Attorneys

                                                United States Attorney's Office
                                                P.O. Box 208
                                                Grand Rapids, Michigan 49501-0208
                                                (616) 456-2404
                                                christopher.oconnor@usdoj.gov
                                                stephen.baker@usdoj.gov